52 F.3d 323
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 WENDY'S INTERNATIONAL, INCORPORATED, t/u/o Commercial Union
Insurance Company, Plaintiff-Appellee,
and
COMMERCIAL UNION INSURANCE COMPANY, d/b/a Wendy's
International, Incorporated, Plaintiff,
v.
DAVCO FOOD, INCORPORATED, Defendant-Appellant.
 No. 94-1993.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 1, 1995.
Decided April 20, 1995.
 
 ARGUED: Angus Robert Everton, Mason, Ketterman & Morgan, Baltimore, MD, for appellant. M. Bradley Hallwig, Anderson, Coe & King, Baltimore, MD, for appellees. ON BRIEF: David J. Norman, Diane S. Deros, Mason, Ketterman & Morgan, Baltimore, MD, for appellant.
 Before HAMILTON, LUTTIG, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant DavCo Food, Inc. ("DavCo") entered into a franchise agreement with Wendy's International, Inc. ("Wendy's"), under which DavCo agreed to indemnify Wendy's for any liability that Wendy's incurred as a result of, or in relation to, the operation of the franchise. In December 1983, a DavCo employee, Jacqueline Tignall, suffered a serious injury in the restaurant and, two years later, she brought a tort action against Wendy's. When DavCo failed to respond to a request for confirmation that DavCo would indemnify, defend, and hold Wendy's harmless in the suit, Wendy's insurer, appellee Commercial Union Insurance Company ("Commercial Union"), hired counsel to enter an appearance on behalf of Wendy's. Commercial Union continued to seek acknowledgment that DavCo would indemnify. In June 1986, DavCo's counsel responded by letter, stating that DavCo would now take over the defense of the Tignall case and would hold Wendy's harmless against any judgment that might be entered against it in that proceeding. J.A. at 121-22.
 
 
 2
 In 1991, just before trial, the case settled. Commercial Union contributed $400,000 toward the settlement on behalf of Wendy's; DavCo contributed nothing. Shortly thereafter, an attorney for Wendy's asked DavCo to indemnify Commercial Union for its contribution. DavCo refused, claiming that the indemnity agreement was with Wendy's, not Commercial Union, and therefore, no indemnification would be forthcoming. DavCo also asserted that Commercial Union could not recover because DavCo's insurer during the relevant period was now insolvent, and Maryland statute, Article 48A, section 505(c)(2), precludes subrogation against an insured of an insolvent insurance company.* Commercial Union then filed suit in federal district court, and moved for summary judgment.
 
 
 3
 The district court found that the Maryland statute was not applicable to Commercial Union's claim, that DavCo breached the franchise agreement's indemnification provision, that DavCo breached the contractual agreement to indemnify made in the 1986 letter (written after DavCo knew its insurer was insolvent), and that DavCo is equitably estopped from refusing to indemnify because Wendy's and Commercial Union relied to their detriment on the assurances of indemnification. The court also held that Commercial Union was entitled to be subrogated to the rights of Wendy's against DavCo because Commercial Union was a third party who paid the debt of another. See American Surety Co. v. Bethlehem Nat'l Bank, 314 U.S. 314, 317 (1941); Bachmann v. Glazer & Glazer, Inc., 559 A.2d 365, 368 (Md.1989). Accordingly, the court granted summary judgment in favor of Commercial Union.
 
 
 4
 On appeal, DavCo argues that the district court erred in concluding that section 505(c)(2) did not preclude Commercial Union's action against DavCo. Having reviewed the record, we affirm on the reasoning of the district court.
 
 AFFIRMED
 
 
 *
 Article 48A, section 505(c)(2) provides in relevant part: "No insurer shall assert a claim of subrogation against an insured of an insolvent insurance company but may assert any claim it may have against the receiver of the insolvent insurance company."